UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JORDIN WALSTON, individually and on behalf
of her infant child, L.W.,

                Plaintiffs,

       -against-

CITY OF NEW YORK et al.,

                Defendants.
------------------------------------------------------------------X

**ORDER**

**22-cv-10002**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

## BACKGROUND

The initial Complaint in this case was filed in November 2022. Dkt. No. 1. That month, District Judge Kaplan referred "all dispositive motions" to this Court. Dkt. No. 17. The Defendants were served in December, and they filed a Motion to Dismiss in late February 2023. Dkt. No. 28.

On March 2, 2023, a Thursday, Plaintiffs' attorney Max Selver emailed the attorney for Defendants, Jolie Apicella, informing her that the Plaintiffs intended to imminently file an Amended Complaint. Dkt. No. 35-1. The Parties apparently discussed the issue over the phone that afternoon, as well as a recent Second Circuit decision, Pettaway v. Nat'l Recovery Sols., LLC 955 F.3d 299 (2nd Cir. 2020), which permits a pending motion to dismiss to be determined based upon the facts alleged in an amended complaint. See Pettaway, *supra* at 303 ("District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.").

1

Plaintiff filed the Amended Complaint that night. Dkt. No. 31.

Later that evening, at 8:38 p.m., Mr. Selver emailed the Defendants' attorney a redline version of the Amended Complaint highlighting the revisions and requesting that Defendants withdraw their Motion to Dismiss the initial Complaint. Dkt. No. 35-1. Within twenty minutes, Defendants' attorney responded that she would review the document and "let you know". Dkt. No. 35-1.

The next afternoon, a Friday, Mr. Selver again reached out to Defendants' counsel Jolie Apicella to "check in to see whether you have a sense of whether you'll be able to give us an answer on this before the weekend. As I mentioned, we are otherwise preparing our Opposition to be filed on Monday." (cleaned up). Id. Ms. Apicella responded that she "tried to speak to the client yesterday and today but my contacts are not available until early next week." Id. Mr. Selver then requested a response before noon the following Monday.

On Monday morning, at 11:51 a.m., Ms. Apicella responded that "of the people I need to confer with on this, one is on trial and one has been on vacation so I apologize but we do not have authority to decide what to do here yet." Id.

Mr. Selver then responded, "Thank you for the update. Given that our Opposition is due today, we will go ahead and file it based on the allegations in the Amended Complaint, in accordance with *Pettaway*."). Dkt. No. 35-1.

Thus, as Mr. Selver said he would, on March 6, 2023, the Plaintiffs filed an Opposition to the Motion to Dismiss based upon the Amended Complaint. Dkt. No. 32.

The following day, given the newly filed Amended Complaint, the Defendants submitted a Motion to Withdraw their previous Motion to Dismiss. Dkt. No. 33.

Plaintiffs, (not ordinarily in the business of objecting to a motion to withdraw their opposing counsel's motion to dismiss) filed an Opposition to the Motion to Withdraw. Their primary objections were that permitting the withdrawal would allow the Defendants two bites at the apple and would fail to promote judicial economy. Dkt. No. 34.

On May 16, 2023, Defendants requested to file a Motion to Stay Discovery while their Motion to Dismiss is pending, even though they previously sought to withdraw that same Motion. Dkt. No. 50.

## DISCUSSION

Once a motion is submitted to a court, the motion "may be withdrawn only if the court consents." See David F. Herr & Roger S. Haydock, Motion Practice § 3.13 at 3-34 (7th ed. 2016). "There are few occasions when the court would not permit the withdrawal of a motion, but they can occur." Id. Such denials may involve a party engaging in gamesmanship and prejudicing the other side. Id. ("If it is apparent that a motion is being withdrawn because of the likelihood that judgment would be entered against the moving party, the court may refuse to permit withdrawal of the motion."); see also Medina v. New York State Dep't of Corr. Servs., No. 03-cv-9249 (RWS), 2004 WL 2397193, at *4 (S.D.N.Y. Oct. 26, 2004)("Leave to withdraw a motion without prejudice may be granted in the absence of a showing of prejudice to other parties.").

On balance, Defendants' attorney cannot be said to have engaged in improper gamesmanship due to a failure to contact her clients and receive approval to withdraw the Motion to Dismiss in the short time between a Thursday evening and the next Monday at noon. See Carlson v. Northwell Health Inc., No. 20-cv-9852 (LAP), 2022 WL 1304453, at *2 (S.D.N.Y. May 2, 2022)("Gamesmanship occurs when a party

delays in asserting defenses or claims with the intent or hope that the delay will prejudice the other side.").

Defendants will perhaps benefit from access to Plaintiffs' arguments made in Plaintiffs' Opposition, but only slightly more so than when drafting a Reply. Thus, the prejudice to Plaintiffs in permitting Defendants to withdraw their Motion to Dismiss is marginal. See Harris v. Butler, 961 F.Supp. 61, 62 (S.D.N.Y.1997)("Because the withdrawal of plaintiff's motion will not prejudice any party, plaintiff's request to withdraw his motion is granted.").

As to judicial economy, the Court finds that it will actually promote judicial economy to have the clarity afforded by a new set of briefing that cleanly addresses the Amended Complaint.

The Motion to Withdraw the Motion to Dismiss is GRANTED. Furthermore, Defendants' Motion to Stay Discovery during the pendency of the Motion is DENIED without prejudice.

Defendants shall have until **June 15, 2023**, to file a new Motion to Dismiss based upon the Amended Complaint. Should a new Motion to Dismiss be filed, Defendants may submit a new letter seeking a Stay of Discovery.

The parties are encouraged to confer on a new briefing schedule for the anticipated Second Motion to Dismiss.

**The Clerk of the Court is respectfully requested to close Dkt. Nos. 28, 33, 46, and 50.**

SO ORDERED.

DATED:   New York, New York
         May 19, 2023

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge

4